Dear Director Woody,
¶ 0 This office has received your request for an official Attorney General Opinion asking, in effect, the following question:
Can a single-party broker, who has a brokerage agreement witha buyer, comply with the buyer's request to keep the buyer'sidentity confidential and present a seller an offer in which thebuyer's name does not appear?
¶ 1 For purposes of responding to your question, it is assumed the buyer has not engaged any third party to act as the buyer's agent in the transaction which is the subject of your question.
¶ 2 "Every contract results from an offer and acceptance."Garrison v. Bechtel Corp., 889 P.2d 273, 281 (Okla. 1995). Under Oklahoma's statute of frauds, an offer and acceptance for the sale of real property must be in writing and "subscribed by the party to be charged, or by his agent." 15 O.S. 2001, § 136[15-136].[1] Consequently, Section 136 requires an offer to purchase real property to be signed by the buyer or his agent.
¶ 3 Oklahoma law requires an offer to purchase real property to be signed by the buyer or the buyer's agent; in this case, the buyer does not want to personally sign the offer, lest the buyer's identity be revealed. The question is whether a single-party broker can act as the buyer's agent in making an offer, so the buyer can keep his or her identity concealed.[2]
¶ 4 The answer is no. A single-party broker cannot act as an agent for an undisclosed buyer in making a written offer on the buyer's behalf.
 The Transaction And Single-Party Broker Statutes
¶ 5 A single-party broker cannot act as an agent and make a written offer on the undisclosed buyer's behalf because the Transaction and Single-Party Brokers statutes ("Act"), 59 O.S. 2001, §§ 858-351[59-858-351] through 858-363, prohibit a single-party broker from acting as an agent. Specifically, Section 858-355(D) provides:
 A broker may cooperate with other brokers in a transaction. Under Sections [858-351] through [858-363] of this act, a broker shall not be an agent, subagent, or dual agent and an offer of subagency shall not be made to other brokers.
Id. (emphasis added)[3] (footnote omitted).
¶ 6 It is well-established law in Oklahoma that where "the language of the statute is plain and unambiguous and its meaning clear, no . . . rules of construction [apply] and its evident meaning must be accepted." Jackson v. Indep. Sch. Dist. No. 16,648 P.2d 26, 29 (Okla. 1982). Because Section 858-355(D) expressly prohibits a single-party broker from acting as a buyer's agent, and because the law requires offers to purchase real property to be in writing, signed by the buyer or the buyer's agent, a single-party broker cannot make a bona fide offer to a seller on a buyer's behalf.
 The Act's Requirement That A Single-Party Broker Shall Obey A Buyer's Specific Directions Does Not Permit The Broker To Act As A Buyer's Agent And Make An Offer On The Buyer's Behalf.
¶ 7 The Act, at 59 O.S. 2001, § 858-354[59-858-354], provides:
 B. The single-party broker shall have the following duties and responsibilities:
. . . .
4. To exercise reasonable skill and care including:
. . . .
 g. obeying the specific directions of the party for whom the single-party broker is performing services that are not contrary to applicable statutes and rules or contrary to the terms of a contract between the parties to the transaction.
Id. (emphasis added.)
¶ 8 A seller's directions to a single-party broker to perform an agent's duties and make a bona fide offer to purchase real property without disclosing the buyer's identity are contrary
to the Act's prohibition on single-party brokers acting as agents. Id. § 858-355(D).
¶ 9 Because a single-party broker is not required to obey a seller's directions which are contrary to applicable statutes and rules, and because a buyer's request that a single party broker perform an agent's duties (i.e. making a bona fide offer on an undisclosed buyer's behalf) is contrary to the Act's prohibition against a broker acting as an agent, a single-party broker cannot comply with a buyer's request to make a bona fide offer on the buyer's behalf, for the purpose of keeping the buyer's identity confidential.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Because Oklahoma law requires offers to purchase real property to be in writing, signed by the buyer's agent if not signed by the buyer (15 O.S. 2001, § 136[15-136]), and because the Transaction and Single-Party Brokers statutes, at 59 O.S. 2001, § 858-355[59-858-355] (D), prohibit a single-party broker from acting as a buyer's agent, the single-party broker cannot make a bona fide offer to a seller on behalf of a buyer who wishes to keep his or her identity confidential.
W.A. DREW EDMONDSON Attorney General of Oklahoma
JANIS W. PRESLAR Assistant Attorney General
[1] The Oklahoma Real Estate License Code and administrative rules impose on brokers the duty to transmit "written" or "bona fide offer[s]" and counter-offers; no duty to transmit verbal offers is imposed on brokers. 59 O.S. 2001 §§ 858-353[59-858-353](4)(a), 858-354(B)(4)(a); OAC 605: 10-17-4(10)-(11) (2001). See OAC 605: 10-1-2 (2001) ("Bona fide offer" is defined by the rules as "an offer in writing.")
[2] A buyer may not want his or her identity revealed to a seller if the buyer's identity could reveal the motivating factors for wanting to purchase certain property (i.e. a lawyer desiring to purchase property near a courthouse or a physician desiring to purchase property near a hospital).
[3] Moreover, the Act expressly abrogates a broker's duties under the common law principles of agency, saying:
 The duties and responsibilities of a broker specified in Sections 1 through 13 of this act shall replace and abrogate the fiduciary or other duties of a broker to a party based on common law principles of agency. The remedies at law and equity supplement the provisions of Sections [858-351] through [858-363] of this act.
59 O.S. 2001, § 858-360[59-858-360] (footnote omitted).